1
2
3
4 UNITED STATES DISTRICT COURT
5 NORTHERN DISTRICT OF CALIFORNIA
6

| | |
|---|---|
| GASHAW DESALEGN,<br><br>Plaintiff,<br><br>v.<br><br>CENTURY SURETY COMPANY,<br><br>Defendant. | Case No. 3:15-cv-05678-JD<br><br>**ORDER RE MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Re: Dkt. No. 36 |

As the Court found when it dismissed the original complaint with leave to amend, Dkt. No. 35, Plaintiff Gashaw Desalegn failed to state a plausible claim for recovery from Century Surety Company ("Century") for two reasons. Desalegn's judgment against the insured was "predicated on the finding that an assault and battery by [Shashamene] Lounge security guards caused his injuries." *Id.* at 2. But "any damages caused by or related to assault or battery" are excluded from coverage under the Century policy. *Id.* And even assuming, purely for discussion, that Century's policy covered injuries arising out of the use of reasonable force in defense of person or property, "Desalegn was the victim of a horrific attack, and so the potential for reasonable force that allowed *Beach Eatery* [36 F. Supp. 3d 1026 (E.D. Wash. 2014)] to go forward simply is not present here." *Id.* at 3.

These same considerations mandate dismissal of the amended complaint. Desalegn has changed the factual allegations to suggest that he triggered the attack by lunging at the security guards. Dkt. No. 36 at 3-4. Desalegn contends that this made the resultant assault and battery against him an incident of "reasonable force" that is covered under defendant's liability policy. *See id.* at 6-7; Dkt. No. 36-1 at 42 ¶ 2(a).

This argument is not well taken. Insurance policies are contracts, and their terms are interpreted in the context of the policy as a whole to give effect to the parties' intent as expressed in the policy's words. *Liberty Mut. Fire Ins. Co. v. Shaibaz S.*, No. 15-CV-03943-JD, 2017 WL 2118312, at *2 (N.D. Cal. May 16, 2017). As the plain language of the liability policy makes clear, the parties here intended to exclude from coverage any bodily injury "arising out of or resulting from: (a) any actual, threatened or alleged assault or battery," including any actual or alleged injury arising out of "any combination of an assault or battery-related cause and a non-assault or battery-related cause." Dkt. No. 36-1 at 75. Under this clear language, how and why the assault and battery occurred are of no moment; coverage is exclude for any injury arising out or relating to assault and battery, even if they are the fruit of alleged self defense. *See also Century Transit Systems, Inc. v. American Empire Surplus Lines Ins. Co.*, 42 Cal. App. 4th 121, 129-30 and n.8 (Cal. Ct. App. 1996) (finding no coverage under very similar policy terms).

While that is enough to dismiss the amended complaint, the Court also notes that judicial estoppel calls Desalegn's amendments into serious doubt. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1044-45 (9th Cir. 2016). As Desalegn acknowledges, he successfully argued to the Superior Court, over the insured's claim of self defense, that the security guards assaulted and battered him. *See* Dkt. No. 36 at 4 (noting that the owner of the lounge raised self-defense to the Superior Court). The Superior Court expressly found that the security guards did in fact assault and batter Desalegn, and intentionally inflicted emotional distress on him. Dkt. No. 16-1 at 32. Desalegn is ill positioned to switch gears now to say that the security guards' conduct was merely the exercise of reasonable force.

Desalegn has now had two opportunities to state a plausible coverage claim, and the Court would be well within its discretion to dismiss the case with prejudice. *Won v. Fed. Nat'l Mortg. Ass'n*, No. 3:16-CV-01337-JD, 2016 WL 6822068, at *2 (N.D. Cal. Nov. 18, 2016). However, Desalegn may have one final opportunity to amend in a manner consistent with the judgment he

obtained in state court and this Court's dismissal orders.  Any amended complaint must be filed by **October 6, 2017**.

**IT IS SO ORDERED.**

Dated: September 15, 2017

JAMES DONATO
United States District Judge